I'm Wayne Inge on behalf of Benjamin Blue. The court, the district court, the trial court could have said I do not have the power to do what you're asking me to do so I'm going to sentence you because. Or the district court could have said, which is really the most to sentence you the way that you're asking me to do conceivably one day on count one but I'm not and this is why I'm going to give you the sentence that I'm going to give you. If he would have said that the record would have been absolutely clear. If the problem really focused for me as I was in trial counsel in terms of drafting the assignment of error. If the district court had said I don't have the power to do what you're asking me to do then I could have explicitly assigned that as error. Well let me ask you this, in explaining Blue's sentence, the district court specifically referenced Blue's brother and Blue's opioid addiction. Why wasn't that a sufficiently individualized and specific explanation of his sentence? It was if the district court believed that he had the power conceivably to sentence Blue to one day on count one. I'm sorry, you think that was a sufficient explanation? I thought your argument was that yes the district court did mention some of the arguments that Blue had made for a variance but not all of them. I thought you had made other, that Blue had made other arguments for a downward variance that were not addressed by the district court. That's not your argument? Well the issue of the opioid addiction and the influence of the older brothers are just the reasons that trial counsel was advancing for a below guideline sentence. I thought trial counsel was also pointing to things like a disparity in the sentence between the defendant and his co-defendant making an argument that quite apart from the defendant's own characteristics that this guidelines range was just plain too harsh. Yes he was. Alright and did the district court address those? Not explicitly. Page 49 of the joint appendix. Well if he didn't address them explicitly is there some other way in which he addressed them, the district court? He was silent. So that means the district court did not address them? It means we don't know what the district court thought. Why are you qualifying your own case? The question is you say explicit and that would suggest maybe it was implicitly. I think your position is it didn't address it at all, didn't acknowledge or address. I mean it was like. You're just trying to make sure about your own case that's all. I'm sorry Judge. It's just that if you page 49 of volume 1 of the joint appendix, you know that's about one paragraph in the middle of that page is all the judge said. That's it. But Judge Floyd listed the two that were mentioned to you. That's correct. And Judge Harrison is asking are there others not even mentioned at all? And the answer is what? Yes. Yeah, okay. Now, having said that, is that because of the silence, we can't even look at this in terms of whether or not the error, if you were to find that there were error, is harmless. Because we don't know what the judge thought as to whether or not he had the authority to conceivably sentence for one day. And therefore, this court is bereft of the ability to do what? This court isn't bereft of any, you know. I'm asking the court to remand, Your Honor. Okay, all right. Okay. That wasn't a trick question. That was really, you know, it was a law of its own tendency. We can't adequately review it. Exactly. Right. I couldn't draft my assignments of error, nor can you adequately review it. There's a pretty big disparity between the defendant and his co-defendant, right? That's correct. And we have no, and there's probably an explanation for that, but I don't know what it is. I have no idea what it is. And, you know, the best part of it is that, well, at least from my point of view, is that he specifically, Blue specifically suggested sentences, both in his final sentencing memorandum as well as at trial. He went up when he was actually at sentencing, but it effectively was 73 months less from what he was actually sentenced to. You have the situation where one of the factors, the 355A or 3553 factors is protecting the community. You have an effective difference of about six, six and a half years. Under the sentence that he got, he got 55, he would be out when he was 55. If he'd been sentenced to what he was asked for, he would have gotten out when he was 49. Well, I'm not unsympathetic to your position, but I don't remember the judge saying that he didn't have the power to sentence below the guidelines. I mean, where is that in the record? He didn't say anything about that. He didn't say he didn't have the power or he didn't say he didn't have the power. I mean, he was completely silent, which is, as you said, Judge Gregory, I mean, that impacted me and my advocacy. It impacts you all in your review of his sentence. We just don't know what he was doing. And because we don't know what he was doing or what he was thinking, and he very briefly, that's what I mean. Just a few words, he could have said what he needed to say to properly support what the sentence that he was imposing, but he didn't do that. So, and I agree that courts don't have to go into great detail, you know, particularly when they're doing a within-guideline sentence. I agree with all that, but I just think I was handicapped about what he didn't say, and this court is handicapped about what he didn't say. And I think for all those reasons, the case should be remanded for new sentencing. If the court has any other questions, I'll be more than happy to answer them. Otherwise, I will turn it over. Thank you so much, counsel. Appreciate your honor. Good morning, your honors. May it please the court. Kyle Pousson on behalf of the United States. In this case, the Honorable Judge Beatty imposed a reasonable sentence at the bottom of the defendant's advisory guideline. Because this decision was not an abuse of discretion, the government's asked this court to affirm. In reviewing that sentence, this court looks to both procedural and substantive reasonableness. And as the court's questions here have revolved around the procedural reasonableness of the sentence, I've asked to address that first. In looking at the procedural reasonableness, this court looks to see whether or not a district court judge properly calculated the advisory guideline. And there's no question that was done here. This court also looks to see whether the district court judge considered the relevant 3553 factors, which Judge Beatty told us he did. But let me ask you this. The court didn't address all of Blue's arguments in favor of a downward variance, even though the opposing counsel may have answered my question too quickly. Is there any law indicating that those arguments that he made at sentencing were frivolous? No, Your Honor. I wouldn't characterize them as frivolous. Well, then why shouldn't the judge have considered all of the arguments that were not frivolous? Your Honor, I think that Judge Beatty did consider all of the arguments, and that the record is clear that he made an individualized sentencing determination, which is at the heart of what that standard is attempting to protect. You know, one thing that troubles me is that at the very beginning of this explanation, the district court says it's considered arguments on behalf of the defendant with respect to characteristics, and then it mentions two, although not all, of the ones that were put before the district court. But there were a whole bunch of arguments that had nothing to do with the defendant's history and characteristics, and I just can't see any indication that the district court considered those. And if the district court did, I have no idea why they, literally no idea why they were rejected. Like this disparity thing. Yes, Your Honor. Like that's a big disparity, right? 272 months, and the other guy provided the gun. I have no doubt that the district court, that there's some explanation, but how can I review that? I don't know what the explanation is. Your Honor, I think we can tell from the record that the judge did consider all of the arguments. Specifically, and we're talking about the arguments as to Mr. Blue's, not just his history and characteristics, but as the district court began that paragraph talking about his substantial criminal history category and the seriousness of the offense. This court noted in Montez Flores that context matters in a sentencing hearing. And sometimes this court can look at a record and tell from the discussion that the parties have had with the court the basis for what the court has decided, even though it doesn't specifically. Where can I find the part where I will be able to tell why the court thought that that disparity was not a problem? The court didn't specifically discuss disparity, but there was a large discussion, Your Honor, about Mr. Blue's criminal history, which the court specifically noted. And in particular, there was a large discussion and debate by the parties over whether or not Mr. Blue was, in fact, a career offender, whether or not his prior bank robbery conviction qualified, which this court has since at that time decided McNeil that it had, and whether his robbery with the dangerous weapons convictions qualified, which this court has since in Lamar Burns Johnson decided that they had. I think there's no argument. The record is replete with considerations of the things that would argue against him. It's replete with it. The question is the things that were argued in mitigation in support of a downward sentence. That's what we're looking for. I think your colleague would agree with that. It was well vetted when it comes to the negative. It's a consideration of the positive, and how did those factor in in calculus of the sentence? That's what we're looking for. Well, Your Honor, this court has never required a district court to robotically tick through every argument. There's a form over substance issue here. At the heart of the question is whether or not- I know they don't have to sit there and go through the statute and say this goes under prong one, this goes under prong two, but we have said several times, right, that the district court does have to address in open court any non-frivolous argument for a downward variance. And I just don't, I mean, there's just like this disconnect between the arguments that were made and then what the district court addressed. Yes, Your Honor, this court, and most recently in Slappy, in the Slappy decision, which I believe you authored the opinion, did point to a case where there was no discussion. In this case, however, I think the record is clear that the district court judge did hear the arguments of counsel, did internalize them, and they did use those arguments in applying the 3553A factors. This was not a case where there were generic reasons that were given that had nothing to do with the arguments of counsel. The district court judge, in this case, Mr. Blue's counsel, argued at some length in mitigation related to the defendant's family history, talking about the fact that he was on being sentenced for bank robberies and he had multiple older brothers that had been convicted of bank robberies, and that was a negative influence in his life. The district court judge also specifically addressed the defendant's arguments related to the opioid addiction. So it's clear that the defendant's arguments were heard and internalized by the court. And in this case- Let me ask a question. I think as Judge Harris aptly noted, but I'm going to ask you this point blank. Do you think there were things offered to support a lower sentence that were other than opioid addiction, the urging on in terms of the influence of the sibling, and history and characteristics? Do you think that would cover all of the six? I don't think that covers everything that defense counsel said. I think defense counsel- Do you think the ones that were not covered are non-frivolous? Your Honor, I think that they addressed primarily the defendant's criminal history, which the district court indicated that it- No, I think you missed. I said were there some other than ones where history, characteristics, opioid, and the bullying. Oh, my apologies, Your Honor. You said yes, there were. My apologies, Your Honor. I think other than the two specifically the court mentioned, there was the defendant's whether or not this guideline range because he was a career offender over what was greater than what's necessary. That was another- What about the disparity in the sentencing? Would that be covered in those two specific and then the general category of history and characteristics? Your Honor, the district court judge never specifically used the word disparity, but the fact that this defendant is a career offender and the fact that the district court talked about his criminal history, I think puts him in a separate category from his co-defendant and provides this court some explanation. Co-defendant's not one? I wouldn't have known that from reading the sentencing transcript. Yes, Your Honor. But the district court didn't say that. District court did not say that, although- I mean, I suppose I could look up this other guy's record, but I don't have anything to go on. Yes, Your Honor. But the district court judge did talk about this defendant's criminal history and its seriousness. In looking at this, Your Honor, I think it's important to note that this is not a question of what is best practices and what we, in hindsight, would wish the district court might have said. In both Rita, where the Supreme Court addressed this question of what is a sufficient explanation, and in Montez Flores, a case by this court, addressing a sufficient explanation, both of those courts indicated that they wish that the district court could have said more and then, nevertheless, affirmed the decisions in those cases. The description by the Supreme Court in Rita of the district court's explanation was brief but legally sufficient, and that's what we're asking the court to find here. Not that this is how this court would choose to do it, but by finding that the district court judge did not abuse his discretion in this case. He gave the court enough to indicate, as the standard is, that he considered the 3553 factors and he considered the arguments of counsel. He made an individualized decision about this defendant. In looking at transcripts and records and making this determination, it's always going to be an individualized case-by-case analysis. But there are some principles that are universal that this court supplied. The first of those is that a guideline range sentence requires less explanation than a sentence that's above or below the guideline range, and that makes sense. This court in the 2006 Johnson case talked about the reasoning behind the guidelines and how they intend to incorporate the 3553 factors. They encapsulate decades of both statistical analysis as well as policy and procedures in determining how judges treat the 3553 factors. And in Rita, the Supreme Court recognized that when a judge chooses the sentence within that range, that less explanation may be necessary because that decision is bolstered not just by that judge's decision, but by the commission's experience as a whole. And I think we see a lot of the cases where more explanation is required. In Carter, which this court cited recently, you have a disparate sentence from a guideline range of a period of years down to probation, when SLAPI, as this court recently addressed, where there's the guideline range of I believe 7 to 13 months, and the district court varies drastically to the statutory maximum of 36 months. SLAPI, wasn't SLAPI a revocation of supervised release? It was, Your Honor. Right, so the standard there, we ask less of a district court under those circumstances, right? Yes, Your Honor. So at best, that gets you kind of to a draw within guidelines of supervised release. Yes, Your Honor. And I think that the facts in SLAPI are different, and a different result is warranted. But the standard this court applied is the same. And factually speaking, in SLAPI, you had the great variance without an explanation. And you also had, in that case, indication that there was no explanation and no attempt to address the counsel's arguments. Whereas here, there's some explanation. And the question is, is that brief explanation legally sufficient? But I guess I totally understand what you're saying about the within guidelines, outside guidelines, more and less explanation. But it does seem that we have this other principle, which is that brief or not, full or not, the explanation has to include addressing, even if briefly, all of the non-frivolous arguments. Or do you disagree? Do you think that with a within guidelines sentence, it becomes unnecessary to address all non-frivolous arguments for a variance? Your Honor, I think there's tension in the case law. We see this court's using the language of addressing non-frivolous arguments in several cases, specifically in Carter. And I think at the heart of Carter's talking about determining the district court's worthy arguments and made an individualized decision. But we also have- I thought it was about, or in part about that, but also about the district court's obligation in open court to say what it is doing. Absolutely. Absolutely it was, Your Honor. But we also see in other contexts, and specifically, frequently in the immigration context, very brief descriptions. And we have seen this court affirm decisions where a district court judge specifically addressed some arguments but didn't explicitly address others. And the citations court always uses is to read as the language and read as the district court judge is not required to specifically tick through. And that there's some, sometimes district court judge addresses everything, sometimes it addresses specific ones. But as long as the district court judge explains the sentence and provides this court with a record, whether implicit or explicit, with a belief that it has considered the party's arguments and made that individualized decision. Why wouldn't it be a better policy for us to, and also to help the district court in sentencing, why wouldn't it be a better policy to say that yes, you have a right to consider or to determine certain arguments are frivolous, others are non-frivolous. But why shouldn't we require a district court to consider all the non-frivolous arguments at sentencing? Your Honor, I think you do. I think you do require the court to consider them. But you're asking us not to do it today. I don't think this court's required in the past. I don't think it should require the district court judges to robotically tick through every argument. In that case, as long as the record is clear that the district court judge has looked into everything and made that individualized determination, there's been concern in this court's opinion, specifically in Johnson, about exalting that form over substance. And, you know, again, we are looking at what is the minimum necessary for a district court judge. Can I just ask you a question about, Rita, a genuine question? I don't have it in front of me. I always thought that the robotically tick through language was, we don't require a district court to say 355-3A1, 355-3A2, that you don't have to robotically tick through the factors under, you know, disparity, defendant's characteristics, no greater than necessary. I didn't think that Rita applied that language to robotically ticking through the arguments for a variance. But am I wrong? You're right that the robotically tick through language relates to the 355-3A factors. Rita also talks about, and I pulled it up to have it in front of me so that I don't misquote it for the court, about a full opinion not being required in every case, and that the appropriateness of brevity or length, conciseness or detail, when to write and what to write, relies on the circumstances. Sometimes a judicial opinion responds to every argument, and sometimes it does not. Doesn't Rita go on to say the thing about, but, you know, if there are serious arguments being made, we kind of expect you to address. They should be addressed, yes, Your Honor. And that, and what length and what brevity and what is required is an open question. In Montez Flores, this court looked not even to something the judge said, but to the context of the discussions, even though the district court judge didn't specifically address it, and pulled from that context an understanding that the court had considered the arguments. And I think there's some request by the government here to do the same thing, to look at what the judge said and see that he did consider the arguments and infer from that, and his discussion about the defendant's criminal history, that that history was what he was basing his decision on. And certainly, there were a lot of factors for the judge to consider and that the context made clear that he did. This was not just a sentencing hearing for an armed bank robbery in a 924C. It was also a supervised release violation hearing, because the defendant committed the armed bank robbery while under supervision for federal bank robbery conviction, with prior convictions for armed robbery. And certainly, all of those factors were aggravating factors that the court, just by the nature of the hearing, had in front of it and was considering. And so, when the court talks about the serious nature of the defendant's criminal history, Your Honor, I see that my time is diminishing. Are there additional questions that the court may have? Amber light doesn't mean you have to stop. Yes, Your Honor. But you can. But it doesn't mean that. It just means it's a warning that you draw to a conclusion. But I just want to ask you this question. And this is, I understand you represent the government, and you have your side, and you're ably doing so today. And I appreciate that. But when sentencing now, in the environment of sentencing, ever since the Supreme Court said that this guidelines are legal and it doesn't just serve Article III judges discretion and all those things, we're past that. But isn't really considering what the defendant says is mitigating factors the only real reason for it left? All those other things are already in there. The criminal history, the factors, the points, the horribles of horribles, and all the deals made as to how many counts we want to drop. It really is what's left is to say, listen, I stand before you, Your Honor, and these are the things that are about me, individualized, that I want you to consider. And they're non-frivolous. As to Judge Floyd's question, I think it's so apropos, what's wrong with that? Isn't that really what's left? Everything else, that's, you can just automatically, well, the guidelines are right there, and that translates to that. But it is about giving people who are accused and convicted a chance to individualize their plea of why the sentence should be something else other than what the machine comes out with as a guideline. Isn't that really what it's about? And what's wrong with a non-frivolous reason being considered, even if there were 10 of them? It doesn't take that long. People are going to spend 40 years in prison because it takes 30 more minutes to say, look at all of those, that's something wrong in terms of justice in this country. I'm just asking from a theory. I know you represent the government, but help me there a little bit. Your Honor, I agree with you at the heart of all of this is the question of whether or not the judge has made that individualized determination. I don't think that factors that would weigh outside of guideline range always are necessarily are to the defendant's benefit. There are certainly many cases where the government would argue for an above guideline range sentence for factors, and there's a balance the court has to make. And as long as the court correctly calculates the guideline range, considers the 3553 factors, and considers the arguments of counsel to making that individualized decision, we would argue that under this court's precedent that that is procedurally reasonable, even if the sentence case is very brief. Or nonexistent. I think it's some explanation has to be given. I don't think every argument has to be addressed every time. But some explanation, and enough in the record to assure this court, the district court judge, did hear the party's arguments. Well, you know, I was a district judge before I came here, and when I did an over the guideline sentence, I recall that I was very specific and very careful with that because I know this crowd up here would reverse me. And so why shouldn't we, again, go back to the idea when a variance is asked for that the judge be as careful at that point as he would be an over the guidelines sentence? Yes, Your Honor. I think judges should be careful. And as we've noted, when the district court judge does decide to go above or below the range, more explanation is required as to why that decision is made. But when a judge stays within the guideline range, this court has recognized that not much explanation is always needed. In this case, there was a brief explanation. It was one that can give this court assurance that the district court judge considered the individualized arguments by the defendant. Even though it didn't tick through all of them, the record indicates the district court heard and gave reasons that were beyond stock reasons that would apply to every defendant. They were specific to this defendant. And for those reasons, the government believes that the explanation in this record is brief but legally sufficient. Unless there are other questions, thank you for your time. Thank you, Mr. Poussaint. Mr. Inge, you have some time. Just to follow up on the question Judge Lloyd asked, there was a district court judge in the Western District that I practice from a lot who is now retired who remarked that what he feared the most that he would get reversed at sentencing for making a basic arithmetic error. And so calculating the guidelines. So he spent great, great, great time to make sure that everything was added, subtracted exactly. And apparently went over it repeatedly. And so as far as what you're suggesting, it's certainly appropriate. What do we do about the idea, though, if it's a within-guidelines sentence, that we are supposed to give the district judge deference? I mean, that's been our rule. I agree. I agree with that 100%. I mean, if you're within the guidelines, what you have to say to justify it is much, much less than what you would have to say if you're going below or above or depending upon how far you're going above and below. But I do think- Shouldn't your response be nuanced a little bit more than that? As when you hear, you hear this is a procedural unreasonable, not substantive unreasonable. That deference, does it on the LEND, do we really look at it if you don't do the things procedurally? Do we really look at whether or not it's within or not within? Well, I was amazed at how you quickly took that argument. But in a nuance in the sense that if it's within, but you don't look at a non-frivolous argument, we don't give much deference to that, do we? I think a non-frivolous argument should be discussed. But the quanta of the discussion, I think, is what I was trying to concede. That a within guideline sentence, the quanta of discussion of every non-frivolous argument is not as great or is not as required to be as great as the quanta of discussion of either a below or above guideline sentence. It's just- You know what, the thing about it is that really what the Supreme Court tells us, people look at Beckles, but Beckles really makes it even more important that we look at these things, though, because language that looks like the same are different because they're guidelines that don't apply. Because it's not cookie cutter. It is individualized. There's no guidelines. So really, if you look at Beckles in the real context of it, it strengthens that we ought to be very careful to make sure it's individualized because that's what makes it so different, even when the language looks the same. I agree as far as Beckles is concerned. I mean, it's- The language is so close, yet the results are completely different. But, you know, it's- As I said, it's- I'm not going to read it into the record. You have it in front of you. It's just that one paragraph on page 49 of the joint appendix. That was it. And he didn't touch on a lot of the non-fairless arguments. He didn't acknowledge whether he had the authority to do what Blue was asking him to do. And so I think for all those reasons, I would ask you to remand for a new sentencing. All right. Mr. Hinge, before you step away from the podium, I want to note that you caught upon it. And on behalf of the Fourth Circuit, we want to give you a very special thanks for you because attorneys like you help us so much in handling these cases. And we appreciate it very much. And likewise, Mr. Poisson, we thank you for being able to represent the United States. Thank you. Okay. We're going to come down, greet counsel, and proceed to our next question.
judges: Roger L. Gregory, Henry F. Floyd, Pamela A. Harris